# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AL'S DISCOUNT PLUMBING; ACCURATE BACKFLOW AND PLUMBING SERVICES, INC.; HOMESTEAD HEATING & PLUMBING, LLC; AIRIC'S HEATING & AIR CONDITIONING, INC.; PRIME SOURCE PLUMBING & HEATING CORP.; RYAN PLUMBING, INC.; MAZZOLA PLUMBING HEATING & GAS FITTING, INC.; SOUTH SHORE HEATING AND PLUMBING, INC.; ALL KNIGHT PLUMBING, HEATING AND AIR CONDITIONING, INC.; PLUMB PERFECTION, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>VIEGA LLC,<br>    Defendant. | Case No: 19-cv-00159<br><br>Honorable Christopher C. Conner<br><br>Electronically Filed |

**ORDER GRANTING PRELIMINARY APPROVAL OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF SETTLEMENT ADMINISTRATOR AND CLASS NOTICE PLAN**

Upon consideration of the Indirect Purchaser Plaintiffs' Motion for Preliminary

Approval of Class Action Settlement with Viega LLC, And Approval of Settlement

Administrator and Class Notice Plan, and the Declarations of Elizabeth C. Pritzker, Interim Co-Lead Class Counsel, and Cameron R. Azari, on behalf of the Settlement Administrator, and exhibits thereto submitted in support, including the proposed Settlement Agreement, and the Addendum to the Settlement Agreement (Dkt. 96, the "Addendum") (collectively, the "Motion");

WHEREAS, this litigation involves allegations of anticompetitive conduct in the copper press fittings and carbon steel press fittings markets; and Defendant denies liability and denies any violation of the Sherman Act or any other law, and has asserted many defenses;

WHEREAS, discovery has proceeded on issues relating to the allegations asserted in the First Amended Consolidated Class Action Complaint, and Plaintiffs have had an opportunity to review extensive document productions;

WHEREAS, Viega denies any wrongdoing or liability relating to any of the allegations made by the Plaintiffs, and it is agreed among Viega and the Indirect Purchaser Plaintiffs that the Settlement Agreement (together with the Addendum, the "Agreement" or "Settlement Agreement"), as a compromise settlement, shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing, or liability by Viega; and

WHEREAS, the Court has considered the Settlement Agreement, the proposed Notice, the proposed Plan of Allocation, and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Agreement,

certification of the Settlement Classes for the purposes of settlement only, and appointment confirmation of interim counsel for the Settlement Classes, and good cause appearing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.     The Motion is **GRANTED**.

2.     Terms used in this Order that are defined in the Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

**Preliminary Approval of the Settlement**

3.     The Court finds that: (a) the proposed Settlement with Viega, as set forth in the Settlement Agreement, is sufficiently fair, reasonable and adequate to authorize the dissemination of notice of the Settlement to the Settlement Classes members and to schedule a fairness hearing to determine whether to grant final approval of the proposed Settlement under Fed. R. Civ. P. 23(e); (b) the Agreement was negotiated at arm's-length by experienced counsel acting in good faith with the assistance of Robert Meyer, an experienced mediator; and (c) there has been adequate opportunity for discovery by experienced counsel to evaluate the claims and risks at this stage of the litigation.

4.     The Court finds that preliminary approval is appropriate and hereby grants preliminary approval subject to final determination following notice and a hearing. Further, the Court also grants the Certification of the Settlement Classes, Appointment of Settlement Classes' Representatives, and Appointment of Interim

Settlement Class Counsel.

5.   For purposes of the settlement of the claims against Viega, and only for that purpose, and without an adjudication on the merits and other issues between Plaintiffs and Viega in the event that final approval of the Settlement does not occur, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the requirements for a class action are met, and the Court provisionally certifies the following classes solely for purposes of settlement of claims against Viega:

> The "Settlement Classes" means the Nationwide Injunctive Class and Multi-State Settlement Subclass, which are respectively defined as follows:
>
> "Nationwide Injunctive Class" means all indirect purchasers of Viega ProPress® copper press fittings sold by wholesale distributors in the United States during the Class Period. (January 29, 2015 to the date of entry of the Preliminary Approval Order).
>
> "Multi-State Settlement Subclass" means all indirect purchasers of Viega ProPress® copper press fittings sold by wholesale distributors in, or made from a purchaser's principal place of business located within, the states of Alabama, Arizona, California, Connecticut, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin and the District of Columbia during the Class Period. Excluded from the Class are Persons who have settled with, released, or otherwise had claims adjudicated on the merits against Viega arising from the same core allegations or circumstances as the Litigation Claims, occurring after the date of such settlement, release, or adjudication on the merits; Any purchases of ProPress® copper press fittings directly from Viega for

the purpose of resale; Employees of Viega; and The Honorable Christopher C. Conner, or any judicial officer presiding over this Litigation, and members of his or her immediate family and any judicial staff or officer assigned to the Litigation

6. For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Classes is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Classes are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the class; (3) the Plaintiffs' claims are typical of the claims of the Settlement Classes members; and (4) the Plaintiffs and Interim Class Counsel will fairly and adequately represent the interests of the Settlement Classes members.

7. For purposes of preliminary approval, the Court finds that provisional certification of the Settlement Classes is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) because it provides indivisible injunctive relief benefiting all Settlement Class members at once, and because common issues of fact and law, including the issue of whether Viega engaged in anticompetitive behavior, predominate over any questions affecting only individual members of the Settlement Classes, and further because settlement of this action on a class basis is superior to other means of resolving the Action.

8. The Court finds that the scope of the release in the Agreement is

sufficiently limited and calls for a release of claims that were or could have been asserted in this action or that arise from the factual allegations made in this action.

9. The Court hereby appoints Plaintiffs Al's Discount Plumbing; Accurate Backflow and Plumbing Services, Inc. Homestead Heating & Plumbing, LLC; Airic's Heating & Air Conditioning, Inc.; Prime Source Plumbing & Heating Corp.; Ryan Plumbing, Inc.; Mazzola Plumbing, Heating & Gas Fitting, Inc.; All Knight Plumbing Heating and Air Conditioning, Inc.; and Plumb Perfection LLC as the Settlement Class Representatives. The Court preliminarily finds that the Settlement Classes Representatives have standing to, and will fairly and adequately protect the interests of the Settlement Classes because: (1) the interests of the Settlement Classes Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Classes Representatives and the other Settlement Classes members; (3) the Settlement Classes Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Classes Representatives and Settlement Classes members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning alleged violations of the antitrust laws.

10. In making these preliminary findings, the Court has considered, *inter alia*: (1) the interest of the Settlement Classes members in individually controlling the

prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

11. At this juncture, the Court makes no determination regarding the manageability of this litigation as a class action, if this litigation were to go to trial.

12. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints Walter Cohen of Obermayer Rebmann Maxwell & Hippell LLP, Elizabeth C. Pritzker of Pritzker Levine LLP, Fred T. Isquith, Sr., of Zwerling, Schachter & Zwerling, LLP, and Thomas H. Burt of Wolf Haldenstein Freeman Adler Freeman & Herz LLP, as Interim Class Counsel for the preliminarily-certified Settlement Class.

### CAFA Notice

13. Pursuant to the Settlement Agreement, Epiq (the Settlement Administrator) shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

### Notice to Potential Settlement Classes' Members

14. The Court finds that the proposed Settlement with Viega, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Classes.

15. Plaintiffs provided a proposed class Notice and Summary (publication) Notice to the Court for its review. The Court finds acceptable and approves the form and content of the: (a) Notice of Proposed Class Action Settlement of Indirect Purchaser Class Action, as revised on the record at the hearing on preliminary settlement approval; and (b) Summary (Publication) Notice of Proposed Settlement of Indirect Purchaser Class Action.

16. The Court finds that the dissemination of the Notice and Summary Notice in the manner set forth herein constitutes the best notice practicable under the circumstances and is valid, provides due and sufficient notice to all persons entitled to notice and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

17. By **November 15, 2020**, Settlement Class Counsel shall file with the Court their motion for final approval of the Settlement and motion for attorneys' fees, expenses, and service awards, along with proof that notice was provided to the Settlement Classes' members as directed by this Order.

18. All requests for exclusion from the Settlement Classes must be in writing, postmarked no later than **November 30, 2020**.

19. Any member of the Settlement Classes who objects to the proposed Settlement, must do so in writing, postmarked no later than **November 30 , 2020,** and shall otherwise comply with the requirements set forth in the Notice.

20. Interim Class Counsel shall file with the Court and serve on the parties

their responses to any objection(s) to the Settlement and/or the motion for attorneys' fees, expenses, and service awards, by **December 10, 2020.**

21.   The Court will hold a Fairness Hearing on **December 17, 2020**, **at 11:00 a.m. Eastern Time** at the Ronald Reagan Federal Building & United States Courthouse, 228 Walnut Street, Harrisburg, PA 17101, to determine the fairness, reasonableness, and adequacy of the proposed Settlement with Viega. Any of the Settlement Classes members who follow the procedures set forth in the Notice may appear and be heard. The Fairness Hearing may be rescheduled, adjourned or continued, or converted to telephonic or video conference proceedings, without further notice to the Settlement Classes members. Any such scheduling or format changes will be set forth on the settlement website at www.PressFittingsSettlement.com as well as the Court's docket.

## Other Provisions

22.   In the event that the Settlement is validly terminated as provided for in the Settlement Agreement, all proceedings had in connection with the Settlement and any orders regarding the Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Plaintiffs, Viega, and the members of the Settlement Classes.

23.   In the event that the Settlement does not become final and effective for any reason, nothing in the Settlement Agreement, this Order or proceedings or orders

regarding the Settlement shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

24. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession of Viega of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of Plaintiffs of any lack of merit in Plaintiffs' allegations.

25. Epiq is approved to serve as Settlement Administrator.

26. The litigation against Viega by the Indirect Purchaser Plaintiffs is stayed except as provided for in the Agreement and to the extent necessary to obtain final approval of the Settlement.

Dated:   September 18, 2020            /S/ Christopher C. Conner
                                                       **Christopher C. Conner, Judge**
                                                       **United States District Court**
                                                       **Middle District of Pennsylvania**