# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AL'S DISCOUNT PLUMBING; ACCURATE BACKFLOW AND PLUMBING SERVICES, INC.; HOMESTEAD HEATING & PLUMBING, LLC; AIRIC'S HEATING & AIR CONDITIONING, INC.; PRIME SOURCE PLUMBING & HEATING CORP.; RYAN PLUMBING, INC.; MAZZOLA PLUMBING HEATING & GAS FITTING, INC.; SOUTH SHORE HEATING AND PLUMBING, INC.; ALL KNIGHT PLUMBING, HEATING AND AIR CONDITIONING, INC.; PLUMB PERFECTION, LLC, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>VIEGA LLC,<br><br>                Defendant. | Case No: 19-cv-00159<br><br>Honorable Christopher C. Conner<br><br>Electronically Filed |

## DECLARATION OF THOMAS H. BURT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD

I, Thomas H. Burt Esq., hereby declare and state as follows:

1. I am a partner at the firm of Wolf Haldenstein Adler Freeman & Herz LLP ("WHAFH") and I lead its Antitrust Department. This Court appointed me and my firm Interim Settlement Class Counsel. ECF No. 99. Prior to the departure of Fred T. Isquith from WHAFH, he served as co-lead counsel while leading my firm's Antitrust Department. *See* ECF No. 38  I submit this declaration in support

of Plaintiffs' Motion for Final Approval of Settlement and Attorneys' Fees, Expenses and Service Award. I have personal knowledge of the information set forth in this Declaration.

2.  Over the course of this Action, together with Elizabeth Pritzker and the other counsel in this action representing plaintiffs, we have represented Plaintiffs and the Class through pleading motions that were fully briefed and submitted to the Court, through extensive discovery of the plaintiffs including production by each Plaintiff and depositions of nearly all of them. We readied the case for mediation and, through multiple intense mediation sessions, arrived at the present settlement.

3.  Attorneys from WHAFH worked under or with me from the inception of the case. I was directly involved in all aspects of this lawsuit, from the filing of the initial complaint, to the written discovery, depositions of plaintiffs, and the mediation. WHAFH has served as counsel to Plaintiffs throughout the course of the Action, including as court-appointed Interim Co-Lead Class Counsel, as addressed above. Our firm's antitrust experience is well-recognized. WHAFH has served as lead, co-lead, or participating counsel in cases representing classes pursuant to both state and federal antitrust violations. On June 17, 2019, WHAFH's firm resume was submitted in support of the Joint Application for Appointment as Interim Co-Lead Class Counsel and for Liaison Counsel for

Indirect Purchaser Class (ECF 35, at ECF 35-2). For the Court's convenience, a current firm resume also is attached as **Exhibit A.**

4. I served as the partner directly working on this case for WHAFH. As outlined in Exhibit A, one of the principal focuses of my practice is in antitrust matters on behalf of both direct and indirect purchaser classes.

5. I have been noted for my experience, skills, and expertise in the area of complex antitrust litigation. I have extensive experience specific to representing classes of indirect purchasers in antitrust litigation, including *In re Packaged Seafood Products Antitrust Litigation*, No. 3:15-md-2760-JLS-MDD (S.D. Cal.) and *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 1:14-md-02542-VSB-SLC (S.D.N.Y.).

6. WHAFH has prosecuted this case solely on a contingency fee basis, and has risked not recovering any compensation for prosecuting the claims asserted against Viega in this Action.

7. WHAFH has been involved in this case since May of 2019. In addition to myself, firm associate Patrick Donovan has been significantly involved in all aspects of the case from inception. WHAFH, along with the other Interim Co-Lead Class Counsel firms, prepared the Consolidated Amended Complaint (ECF 39) and the First Amended Consolidated Class Complaint (ECF 72). Our firm conducted independent factual and legal research in conjunction with the

3

filing of the Consolidated Amended and First Amended complaints in order to ensure that the claims asserted were appropriately amended to include all potential available, meritorious federal and state law claims.

8. WHAFH attorneys also conducted significant independent legal research and were principally responsible for drafting the briefing in support of Plaintiffs' opposition to Viega's motion to dismiss, and preparing the opposition and supplemental legal briefing. (ECFs 50-53, 78).

9. WHAFH devoted substantial time and expense to both pursuing and responding to discovery in this case, including:

   a. Assisting and reviewing the named Plaintiffs' initial disclosures and meeting and conferring with Viega, pursuant to Rule 26 as well as regarding the Stipulated Discovery Confidentiality Order (ECF 46), ESI Protocol, and a deposition protocol in light of the COVID-19 pandemic;

   b. Aiding in preparing initial and supplemental responses and objections to written discovery on behalf of the nine named Plaintiffs, which included working directly with the named Plaintiffs to obtain information used therein, including information included in supplemental responses;

   c. Preparing and serving discovery requests and deposition notices propounded upon Defendant;

   d. Meeting and conferring with Viega's counsel regarding plaintiffs' discovery responses and document productions;

   e. Meeting and conferring with Viega's counsel regarding the Stipulated Discovery Confidentiality Order, ESI Protocol, Viega's discovery response and document productions, and the deposition protocol;

    f. Assisting with and reviewing a subpoena to the third-party competitor and meeting and conferring with the competitor's counsel, ensuring its compliance;

    g. Working with individual Plaintiffs, cooperating counsel, and in some instances third-party discovery vendor to collect, sort and produce documents on behalf of the nine named Plaintiffs, including ESI, resulting in seven total rolling productions, totaling over 25,000 pages;

    h. Leading a team of experienced document reviewers and instructing their review of over 350,00 documents produced by Viega and 175,000 documents produced by its third-party competitor;

    i. Preparing named Plaintiffs and cooperating counsel for the depositions of named Plaintiffs, attending named Plaintiff depositions.

10. WHAFH, in tandem with fellow Interim Co-Lead Counsel, also retained and consulted with an economist expert to confirm the amount of relevant commerce obtained from transactional data produced by Viega, for use in mediation.

11. WHAFH had a direct role in the preparation of the mediation brief and participated in two full days of mediation with Robert Meyer of JAMS, ADR. WHAFH negotiated with Viega's counsel regarding its terms over the course of two months.

12. Along with Co-Lead Interim Class Counsel, WHAFH attorneys conducted legal research in support of, and jointly drafted, the motion for preliminary approval. WHAFH reviewed and edited the proposed forms of class notice (short and long form), proposed plan of allocation, proposed claim form,

proposed rebate claim form, and met and conferred with counsel for Viega regarding the same.

13. Additionally, WHAFH prepared the Motion for Final Approval and Motion for Attorneys' Fees, Expense Reimbursement, and for Service Awards, to allow other counsel to focus of the work of finalizing the settlement approval papers, but has not included the time expended in these endeavors and does not expect to be compensated for it.

14. Throughout the Action, WHAFH attorneys have communicated regularly with named Plaintiffs and cooperating counsel regarding all aspects of the case, settlement and preliminary and final approval process.

15. Below is a summary of WHAFH's total hours and lodestar from inception through September 30, 2020. The attorney rates specified below comply with the attorney fee and expense protocol that was instituted at the outset of the case, and appropriately reflects that attorney time spent on document review would not exceed $300 per hour, irrespective of the individual attorney's regular billing rate. Not including the time expended in preparing the application for fees and expenses, the table below details the hours billed and the amount billed at average historical rates for the attorneys at WHAFH along with a collective entry for the

Firm's paralegals.[1]  The time and expenses do not include time expended in seeking fees, or in litigating any objection.

| **Partners** | **Hours Billed** | **Amount** | **Hourly Rate** |
|---|---|---|---|
| Fred T. Isquith, Sr. | 165.7 | $156,586.50 | $945 |
| Thomas H. Burt | 356.3 | $256,536.00 | $720 |
| Daniel Tepper | .4 | $238.00 | $595 |
| **Of Counsel** | | | |
| Carl V. Malmstrom | 4.6 | $2,484.00 | $540 |
| **Associates** | | | |
| Patrick Donovan | 423.3 | $173,553.00 | $410 |
| Veronica Bosco | 9.7 | $3,298.00 | $340 |
| **Special and Contract Counsel** | | | |
| Fred T. Isquith, Jr. | 65.7 | $42,705.00 | $650 |
| | 209.1 | $62,730.00 | $300 |
| James Payne | 178.05 | $17,805.00 | $100 |
| **Paralegals** | 477.1 | $144,796.00 | Range: $125 - $375 |
| **GRAND TOTALS** | **1,889.95** | **$860,731.50** | |

---

[1] Daily time entries are available if it would assist the Court.

This summary was prepared from the regular daily time records prepared and maintained by WHAFH.

16. The hourly rates for the attorneys and professional support staff at WHAFH are the usual and customary hourly rates charged and have been approved by federal and state courts nation-wide.

17. Included with WHAFH's submission is the time and hourly rates of James Payne, who WHAFH hired as an outside contractor for this matter to aid with document review. WHAFH is submitting this rate to cover the cost of Mr. Payne's services.

18. Included with WHAFH's submission is the time and hourly rates of Fred Isquith Jr., who prior to his move to Zwerling, Schachter & Zwerling, LLP, served as Special Counsel to WHAFH in connection with this matter.

19. During the course of this Action, WHAFH incurred $14,227.73 in unreimbursed billable expenses.

20. In addition to the work performed by Interim Settlement Class Counsel throughout this Action, several other firms aided Plaintiffs' efforts to prosecute the actions including by and through document review, preparing and assisting Plaintiff document productions and deposition preparation, and performing legal research in connection with motion to dismiss briefing. I have attached true and correct copies of the Declarations of Co-Counsel for Indirect

Purchaser Plaintiffs in Support of the Motion for Attorneys' Fees and Expenses as **Exhibits B-1 through B-11.** For the Court's convenience, please see the chart below listing all Indirect Purchaser Plaintiffs' law firms, the hours billed, the amount and the unreimbursed billable expenses incurred:

| Ex. | Firm | Hours | Amount | Expenses |
|---|---|---|---|---|
| B-1 | Ademi LLP | 1,124.50 | $391,688.50 | $1,807.71 |
| B-2 | Edelson & Associates, LLC | 438.00 | $172,390.00 | $50.00 |
| B-3 | Gustafson Gluek PLLC | 326.30 | $181,175.00 | $1,313.18 |
| B-4 | Hellmuth & Johnson PLLC | 383.80 | $174,639.00 | $218.45 |
| B-5 | Johns, Flaherty & Collins, S.C. | 45.4 | $16,595.50 | $36.20 |
| B-6 | Lockridge Grindal Nauen P.L.L.P. | 1,018.80 | $481,345.00 | $634.04 |
| B-7 | Obermayer Rebmann Maxwell & Hippel LLP | 211.40 | $114,254.50 | $1,853.90 |
|  | Pritzker Levine LLP | 1,988.35 | $1,219,987.00 | $32,791.15 |
| B-8 | Reinhardt, Wendorf & Blanchfield | 9.90 | $6,450.50 | $0 |
| B-9 | Saltz, Mongeluzzi & Bendesky, PC | 1.60 | $1,012.00 | $0 |
| B-10 | Taus, Cebulash & Landau, LLP | 47.80 | $25,422.50 | $0 |
| B-11 | Vita Law Offices, P.C. | 27.00 | $16,000.00 | $0 |
|  | Zwerling, Schachter & Zwerling, LLP | 158.00 | $135,332.50 | $0 |

9

|  | Wolf Haldenstein Adler Freeman & Herz LLP | 1,889.95 | $860,731.50 | $14,227.73 |
|---|---|---|---|---|
|  | **TOTALS** | 7,670.80 | $3,797,023.50 | $52,932.36 |

I hereby declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated: November 13, 2020

_____
Thomas H. Burt