# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AL'S DISCOUNT PLUMBING; ACCURATE BACKFLOW AND PLUMBING SERVICES, INC.; HOMESTEAD HEATING & PLUMBING, LLC; AIRIC'S HEATING & AIR CONDITIONING, INC.; PRIME SOURCE PLUMBING & HEATING CORP.; RYAN PLUMBING, INC.; MAZZOLA PLUMBING HEATING & GAS FITTING, INC.; SOUTH SHORE HEATING AND PLUMBING, INC.; ALL KNIGHT PLUMBING, HEATING AND AIR CONDITIONING, INC.; PLUMB PERFECTION, LLC, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br> v.<br><br>VIEGA LLC,<br>            Defendant. | Case No: 19-cv-00159<br><br>Honorable Christopher C. Conner<br><br>Electronically Filed |

**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF <u>ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS</u>**

Upon consideration of the Indirect Purchaser Plaintiffs' ("Plaintiffs") Motion for Final Judgment and Approval of Class Action Settlement with Viega LLC, Motion for Fees, Reimbursement of Expenses and for Service Awards, the

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

declarations and exhibits thereto submitted in support, including the proposed Settlement Agreement, and the Addendum to the Settlement Agreement (ECF 96) (the "Motion"), and the Reply briefing filed on December 10, 2020,

WHEREAS, the Plaintiffs, individually and on behalf of a class of indirect purchasers of Viega ProPress® copper press fittings, and the Defendant Viega LLC ("Viega"), entered into a Settlement Agreement dated August 24, 2020 (the "Settlement Agreement") to fully and finally resolve the Plaintiffs' and Settlement Class's claims against Viega;

WHEREAS, on August 24, 2020 Plaintiffs moved the Court for an Order preliminarily approving the Settlement Agreement, authorizing Plaintiffs to disseminate notice to the Settlement Class members, and scheduling a hearing for December 17, 2020, to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved pursuant to Fed.R.Civ.P 23(e). (ECF 92 (Aug. 24, 2020);

WHEREAS, by order entered September 18, 2020 (ECF 99) (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement Agreement, preliminarily certified the Nationwide Injunctive Class and Multi-State Settlement subclasses for purposes of sending notice to the Settlement Class members, and authorized Plaintiffs to disseminate notice of the Settlement

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

2

Agreement, the fairness hearing, and related matters to the Settlement Class members;

WHEREAS, notice of the Settlement Agreement has been provided to the Settlement Class members, and to the appropriate governmental entities under the Class Action Fairness Act, 28 U.S.C. § 1715 (CAFA), pursuant to the Preliminary Approval Order (ECF 99).  *See* Declaration of Stephanie Fiereck, Attachment 1 to the Declaration of Cameron R. Azari (ECF 104-13);

WHEREAS, the Court held the hearing on fairness of the Settlement Agreement on December 17, 2020;

WHEREAS, the Court has considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Class Action Settlement, the arguments presented at the fairness hearing, and the entire record in this matter;

WHEREAS, the following analysis, together with the additional reasoning set forth on the record during the fairness hearing, constitutes the Court's findings and conclusions as required by the Third Circuit Court of Appeals, see *Girsh v. Jepson*, 521 F.2d 153, 157 (3d. Cir. 1975); *In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Court has jurisdiction over the subject matter of this litigation.

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

3

2. Terms capitalized in this Final Judgment Order, including the "Whereas" clauses, have the same meanings as they have in the Settlement Agreement.

3. The Preliminary Approval Order specified the form and manner by which the Plaintiffs would provide the Settlement Class members with notice of the Settlement Agreement, the fairness hearing, and related matters. Proof that such notice was effectuated has been filed with the Court. *See* Declaration of Cameron R. Azari (ECF 104-13). In addition, supplemental "reminder" notice was sent via mail and email on November 23, 2020. *See* Further Declaration of Cameron R. Azari on behalf of Epiq, Settlement Administrator, filed December 10, 2020 ("Further Azari Decl."). Due and adequate notice has been provided to the Settlement Class members in compliance with Fed. R. Civ. P. 23, and the requirements of due process.

### **Final Approval of the Settlement**

4. The Court finds that: (a) the Settlement was entered into by Plaintiffs and Viega in good faith following an extensive investigation of the facts, and substantial discovery sufficient for experience plaintiffs' counsel to evaluate the matter; (b) the Settlement Agreement is sufficiently fair, reasonable, and adequate; and (c) the Agreement resulted from vigorous arm's-length negotiations, which were undertaken by counsel with significant experience litigating antitrust class actions,

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

4

with the assistance of an experienced mediator *See In re. Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, 535 (3d. Cir. 2004); *In re Cendant Corp. Litig*., 264 F.3d 201, 232, n.18 (3d Cir. 2001).

5.  Final approval of the Settlement Agreement is hereby **GRANTED** pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class members. In reaching this conclusion the Court considered (1) the complexity, expenses, and likely duration of the litigation; (2) the Settlement Class members' reaction to the Settlement; (3) the stage of the proceedings and amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation; thereby satisfying the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d. Cir. 1975); *see also In re Cendant Corp. Litig*., 264 F.3d 201, 232 (3d Cir. 2001).

6.  The following Settlement Classes provisionally certified by the Court in its Preliminary Approval Order (ECF 99) are hereby certified pursuant to Fed. R. Civ. P. 23 for the purposes of the Settlement with Viega:

> Nationwide Injunctive Class: means all indirect purchasers of Viega ProPress® copper press fittings sold by wholesale distributors in the United States during the

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

5

Class Period. (January 29, 2015 to September 18, 2020)

"Multi-State Settlement Subclass" means all indirect purchasers of Viega ProPress® copper press fittings sold by wholesale distributors in, or made from a purchaser's principal place of business located within, the states of Alabama, Arizona, California, Connecticut, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin and the District of Columbia during the Class Period. Excluded from the Class are Persons who have settled with, released, or otherwise had claims adjudicated on the merits against Viega arising from the same core allegations or circumstances as the Litigation Claims, occurring after the date of such settlement, release, or adjudication on the merits; Any purchases of ProPress® copper press fittings directly from Viega for the purpose of resale; Employees of Viega; and The Honorable Christopher C. Conner, or any judicial officer presiding over this Litigation, and members of his or her immediate family and any judicial staff or officer assigned to the Litigation.

7. The Court finds that certification of the Settlement Classes is warranted based upon the terms of the Settlement, under the prerequisites of Fed. Rule. Civ. P. 23(a) because (1) the members of the Settlement Classes are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the class; (3) the Plaintiffs' claims are typical of the claims of the Settlement Class members; and (4) the Plaintiffs and Interim Settlement Class Counsel fairly and adequately represent the interests of Settlement Class members. The Court addresses each of

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

6

the prerequisites *seriatim*:

      a.     *Numerosity:* No minimum threshold of plaintiffs is required to obtain class certification. See *Stewart v. Abraham*, 275 F.3d 220, 226 (3d Cir. 2001) (citing 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.22[3][a] (3d ed. 1999)). However, the Third Circuit Court of Appeals has noted that the numerosity requirement is "generally" satisfied "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." *Id*. at 226-27. Here, the Settlement Administrator, Epiq, reports that notice has been disseminated to over 88,000 Class members and 199 claims have been submitted as of December 7, 2020. *See* Further Azari Decl., at ¶¶9, 24. Given the nature of the Settlement, claims will continue to be filed for the foreseeable future. The numerosity factor resolves in favor of certification

      b.     *Commonality:* The commonality requirement is satisfied when the named Plaintiffs share "at least one" question of law or fact with the prospective class. *See Stewart*, 275 F.3d at 227 (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). Thus, the requirement "is easily met." *Baby Neal*, 43 F.3d at 56. This Action focuses on Viega's conduct, "common as to all of the class members", so commonality exists. These commonality factor supports certification.

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

7

c. **_Typicality:_** The typicality inquiry examines whether the named Plaintiffs' interests align with the interests of absent class members. *See Stewart,* 275 F.3d at 227 (quoting Moore, *supra*, at § 23.24[1]). Typicality is generally satisfied when each plaintiff would need to prove the existence of the same adverse behavior by the defendant. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-85 (3d Cir. 2001) (citations omitted). The named Plaintiffs' claims and the prospective Class members' claims all arise from allegations that Viega made wholesaler/distributor access to its carbon steel press fittings contingent upon distributor agreements not to sell Viega's competitors' copper press fittings, resulting in higher prices charged to, and paid by, Class members. (*See* ECF 104-1). All claims are grounded in the same or similar legal theories—principally, antitrust and unfair competition. This factor favors certification.

d. **_Adequacy:_** Under Rule 23(a)(4), class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Third Circuit has explained that the "linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183-84 (3d Cir. 2012). The adequacy inquiry comprises two prongs: whether class counsel is competent and qualified to conduct a class action, and whether the class

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

8

representatives have any interests adverse to or conflicting with the prospective class. *See id*. at 182-83 (citing *In re Cmty. Bank*, 418 F.3d at 303); *In re Chocolate Confectionary Antitrust Litig*., 289 F.R.D. 200, 218 (M.D. Pa. 2012) (Conner, J.) (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007)).

As for the first inquiry, Plaintiffs maintain that Class Counsel invested time and resources, as well as participated in intense and protracted settlement negotiations, and that Class Counsel have considerable experience in litigating similar class actions. (*See* ECFs 103-2, 104-3). The Court has no reason to doubt this assertion, which is evidenced by Counsel's exemplary, zealous, and thorough representation of Settlement Class members at all stages of the litigation and the settlement process. As for the second inquiry, all Class members, including the named Plaintiffs, receive equal treatment and benefits under the settlement.  (*See Settlement*, ECF 104-2). These considerations weigh in favor of certification.

8. The Court finds that certification of the Settlement Classes is warranted under Fed. Rule. Civ. P. 23(b)(2) and (b)(3).  Specifically:

    a. ***The Settlement Classes satisfy Fed. R. Civ. P. 23(b)(2):*** Rule 23(b)(2) authorizes class certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Such circumstances exist when the relief sought will "benefit the entire class", and when "the interests of the class members are so like those of the individual that injustice will not result from their being bound by such judgment in the subsequent application of principles of res judicata." *Sullivan v. DB Investments, Inc*., 667 F.3d 273, 317-318 (3d Cir. 2011). Actions seeking to "define the relationship between the defendant and the 'world at large,' will usually satisfy the requirement." *Id.* In *Sullivan*, the Court upheld certification of a final settlement for classes similar to this, noting that the defendant's "anticompetitive behavior 'caused the entire membership of all classes to pay artificially inflated prices,' and that, in the absence of injunctive relief, all classes would continue to pay artificial premiums." 667 F.3d at 318. There, as here, the Plaintiffs' "claims demonstrate shared interests between the members of the putative class, and, these allegations, if proven, would support injunctive relief respecting the class as a whole." *Id.* Given this, Plaintiffs satisfy Rule 23(b)(2).

    b.  ***The Settlement Classes satisfy Fed. R. Civ. P. 23(b)(3):*** Rule 23(b)(3) requires "'the court [to] find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

10

adjudicating the controversy.'" *In re Ins. Brokerage*, 579 F.3d 241, 257 (3d Cir. 2009) (quoting Fed. R. Civ. P. 23(b)(3)). The Third Circuit routinely affirms predominance in 23(b)(3) settlement classes in antitrust cases such as this one. *See Warfarin,* 391 F.3d at 518; *Sullivan*, 667 F.3d at 299; *Ins. Brokerage*, 579 F.3d at 285. Indeed, in *Warfarin* and *Sullivan*, the Third Circuit affirmed predominance findings in multi-state indirect purchaser antitrust classes similar to the one proposed here (*Warfarin*, 391 F.3d at 529; *Sullivan*, 667 F.3d at 297), observing that, when faced with a settlement class, a court need not be "concerned with formulating some prediction as to how [variances in state law] would play out at trial, for the proposal is that there be no trial." *Sullivan*, 667 F.3d at 303; *see also Warfarin*, 391 F.3d at 529 (variations in state law "are irrelevant to certification of a settlement class").

This case, like *Sullivan*, *Insurance Brokerage*, and *Warfarin*, satisfies predominance: "[E]ach class member shares a similar legal question arising from whether [Defendants] engaged" in anticompetitive conduct and the "plaintiffs likewise share common factual questions as to whether [Defendants] 'acted in concert to artificially fix, maintain, and stabilize prices'" of copper press fittings. *Id.* (citations omitted). Superiority, in turn, "asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *Warfarin*, 391 F.3d at 533-534. Here, the

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

11

"alternative available methods" are multiple individual cases, or no case at all for many Class members, whose purchases were limited. A class action is not just superior, but likely the only alternative for these members.

Finally, because this is a settlement class, the Court need not address the manageability element of Rule 23(b)(3). As the Third Circuit has held, in the settlement class context, "the concern for manageability that is a central tenet in the certification of a litigation class is removed from the equation." *Sullivan,* 667 at 302. Moreover, there is a "strong presumption in favor of voluntary settlement agreements . . . especially strong in class actions and other complex cases . . . because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts." *Id.,* at 311-12 (citations omitted). Plaintiffs satisfy Rule 23(b)(3). The court alternatively finds that the Settlement Classes are ascertainable.

9.  Accordingly, Plaintiffs' request for certification of the Settlement Classes is **GRANTED**.

10. The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Fed. R. Civ. P. 23(c)(2)(B) and due process. Specifically, the Court ordered that the third-party Settlement Administrator, Epiq, send class notice via email, U.S. mail, by publication in two

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

12

recognized industry magazines, *Plumber* and *PHC News*, in both their print and online digital forms, and to implement a digital media campaign. (ECF 99). Epiq represents that class notice was provided as directed. *See* Declaration of Cameron R. Azari, ¶¶ 12-15 (ECF 104-13). Notice was provided via physical mailing to 88,169 class members of the Multi-State Settlement Class. *Id.*, ¶12. Epiq also sent notice via email to 9,074 email addresses. *Id.*, ¶16. Notice was published both digitally and in print form in two industry magazines with nationwide circulation: *PHC News* including in its print copy that was mailed on October 9, 2020, and in *Plumber* including in its print copy which was mailed on October 29, 2020. *Id.*, ¶20. Epiq also implemented a digital media campaign in the form of banner ads on Facebook and Google, and via sponsored search listings on Google, Yahoo! and Bing search engines. *Id.*, ¶¶21-24. In addition, the Settlement Administrator advises that supplemental reminder postcards were sent via U.S.P.S. mail to 79,774 Class members and to the 6,437 valid email addresses in Epiq's possession on November 23, 2020 and November 25, 2020, respectively. Further Azari Decl., at ¶¶ 22-23.

11.  Only one objection to the Settlement was submitted (ECF 102), and later voluntarily withdrawn by the objector. (ECFs 107, 108). In light of that withdrawal, there are no objections to the Settlement.

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

12.     The Court hereby appoints Plaintiffs Al's Discount Plumbing; Accurate Backflow and Plumbing Services, Inc.; Homestead Heating & Plumbing, LLC; Airic's Heating & Air Conditioning, Inc.; Prime Source Plumbing & Heating Corp.; Ryan Plumbing, Inc.; Mazzola Plumbing, Heating & Gas Fitting, Inc.; All Knight Plumbing Heating and Air Conditioning, Inc.; and Plumb Perfection LLC as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives have standing to, and will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning alleged violations of the antitrust laws. *See* November 13, 2020 Declaration of Elizabeth C. Pritzker ¶¶ 24-28; 44-47, and Exhibits B – J thereto (ECFs 104-3, 104-5 to 104-11).

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

14

13. The Court finds the requirements of Fed. R. Civ. P. 23(g) are met, and the Court hereby appoints Walter W. Cohen of Obermayer Rebmann Maxwell & Hippell LLP, Elizabeth C. Pritzker of Pritzker Levine LLP, Fred T. Isquith, Sr., of Zwerling, Schachter & Zwerling, LLP, and Thomas H. Burt of Wolf Haldenstein Freeman Adler Freeman & Herz LLP, as Class Counsel for the certified Settlement Classes.

14. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection with it, shall be construed as an admission or concession of Viega of the truth of any allegations in the litigation, or of any fault or wrongdoing of any kind, or of Plaintiffs of any lack of merit in Plaintiffs' allegations.

15. All of Plaintiffs' claims against Viega in the Indirect Purchasers' First Amended Consolidated Complaint Class Action and Demand for Jury Trial are dismissed with prejudice and without costs (except as provided for in Settlement Agreement).

16. Plaintiffs and all members of the Settlement Classes who have not timely excluded themselves from the Settlement Classes (including all of their past and present, direct and indirect parents, subsidiaries and affiliates, and their past and present directors, officers, employees, stockholders, attorneys, representatives,

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

15

parents, subsidiaries, affiliates, partners, and assignees of any claim that is subject to the Release) (collectively, "Releasors") are permanently barred and enjoined from prosecuting against Viega (and all of its current and former parents, their predecessors, affiliates, assigns, successors, subsidiaries, attorneys, and their officers, directors, agents, representatives, and employees, attorneys, heirs, executors, and administrators of each of the foregoing) (collectively, "Releasees") any and all claims, demands, actions, suits, injuries, and causes of action, damages of any nature, whenever or however incurred (whether actual, punitive, treble, compensatory, or otherwise) including, without limitation, costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now have, or hereafter can, shall, or may have, directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise based in whole or in part or arising out of or relating in any way to any conduct, act or omission of the Releasees (or any of them) prior to and including September 18, 2020, concerning any of the facts, occurrences, transactions, agreements, conspiracies, communications, announcements, notices, or other matters alleged in the Action against Viega that arise under any federal or state

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

law, including, without limitation, the Sherman Act, 15 U.S.C. § 1 *et seq*., and any federal or state antitrust, unfair competition, unfair practices, price discrimination, unjust enrichment, unitary pricing or trade practice law, including but not limited to any causes of action asserted or that could have been or could still be alleged or asserted, in any class action complaints filed in this Action or related actions, which collectively includes, without limitation, any action transferred to this multidistrict litigation proceeding (the "Released Claims").

17.  The Escrow Account into which Viega has deposited $10,000,000.00, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

18.  Neither the Settlement Agreement, nor any act performed, or document executed pursuant to the Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction.

19.  The Plan of Allocation and distribution set forth in the Settlement Agreement and attachment thereto (ECF 104-2), which was preliminarily approved on September 18, 2021 (ECF 99), is hereby finally approved.  The Settlement Administrator shall administer all claims pursuant to the terms and conditions of the

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159

17

Settlement Agreement and Plan of Allocation.  No Settlement Class member shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendant, Defendant's Counsel, or the Settlement Administrator, based on the distributions made substantially in accordance with the Settlement Agreement.

20. Without affecting the finality of this Final Judgment Order, the Court retains exclusive jurisdiction over: (a) the Final Judgment Order; (b) the Settlement Agreement; and (c) any application for disbursement of the Settlement Fund made by Co-Lead Counsel.

21. The Court grants Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and for Service Awards.  Plaintiffs' Class Counsel are hereby awarded attorneys' fees in the amount of $4,125,000.00 and reimbursement of their out-of-pocket expenses in the amount of $56,469.84.  The Court approves the requested service awards of $2,000.00 to each to the named Plaintiffs (for a total award of $18,000.00) for their efforts on behalf of the Settlement Classes.

22. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Viega.

Dated:  December 18, 2020

/S/ CHRISTOPHER C. CONNER
Hon. Christopher C. Conner
Judge of the U.S. District Court
Middle District of Pennsylvania

FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

CASE NO. 19-CV-00159